Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate a judgment of conviction dated June 28, 1951, convicting the defendant, on his own plea of guilty, of the crime of robbery in the third degree, unarmed, and sentencing him to a term of not less than two and a half years and not more than five years in Sing Sing Prison, on the ground that on the day of judgment, the provisions of section 480 of the Code of Criminal Procedure were not complied with. The Court of Appeals in a recent decision ruled that a violation of section 480 of the Code of Criminal Procedure is not a basis for coram nobis relief (People v. Silverman, 3 N Y 2d 200). However, the court will consider the instant application as one for resentence.
At the hearing held to determine the issue, the defendant testified that prior to the imposition of sentence, he was not *510 asked ‘ ‘ whether he had any legal cause to show why judgment should not be pronounced against him,” as required by section 480 of the Code of Criminal Procedure. The District Attorney offered in evidence docket number 613 entitled, “ Minutes, Criminal, Part III, 2/19/51 to 8/51,” which bears the following notation at page 230: “ Thursday, June 28th, 1951. Present, Honorable Maurice W. McCann, County Judge of Yates County, acting in and for Kings County. Proclamation made and Court opened. The following defendants personally appeared with their respective counsel for sentence (then follows the names of five defendants). Each defendant prior to sentence was asked if he or she has any legal cause to show why judgment of the law should not be pronounced on him or her ”. The second name on the list in the docket is that of this defendant and reads as follows: “ Convicted robbery in the third degree, unarmed, Sing Sing Prison, minimum two years and six months and, maximum five years. Counsel Salvatore Iannucci present.” Manuel Strahl, a clerk of this court, testified that he was the clerk of Part III before Judge McCann on June 28,1951 and that he made the afore-mentioned entries in the docket book, contemporaneously with the proceedings to which they refer. The District Attorney produced a copy of the minutes of the sentence which clearly reveal that the mandate of section 480 of the Code of Criminal Procedure was fully complied with. The application is, therefore, denied. Submit order.